# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CR-00097-JAR-1 |
| ) | |
| CRAIG KENDALL GIBONEY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Craig Kendall Giboney's pro se motion for compassionate release (Doc. No. 176), as supplemented by counsel (Doc. No. 187). Alternatively, Defendant argues that the Court should modify its Judgment to allow him to serve the rest of his sentence on home confinement. The Government opposes Defendant's motion on the grounds that he fails to identify any "extraordinary and compelling reasons" that qualify for a reduced sentence under the First Step Act and the mandatory sentencing factors in 18 U.S.C. § 3553(a). (Doc. No. 191). The United States Probation Office has filed a report indicating that Defendant does not meet the qualifications for compassionate relief and recommends denial. (Doc. No. 192). For the following reasons, Defendant's motion will be denied.

**I.     Background**

On April 22, 2016, Defendant pled guilty to three counts of a three-count Superseding Indictment charging Transportation of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1) and 18 U.S.C. § 2252A(b)(1) (Count 1); Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) and 18 U.S.C. § 2252A(b)(1) (Count 2); and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2252A(b)(2) (Count

3). On July 26, 2016, he was sentenced to concurrent terms of imprisonment of 156 months on Counts 1 and 2 and 120 months on Count 3, followed by lifetime supervised release. Defendant is currently confined at FCI Forrest City Low, with a projected release date of March 25, 2026. He is 55 years old.

## II. First Step Act

In 2018, Congress passed the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Before the enactment of the First Step Act, only the Director of the Bureau of Prisons could move for compassionate release. Now, a defendant may bring his own motion if he has exhausted his administrative appeals or, after the warden of the defendant's facility receives the request for compassionate release, the warden does not respond within 30 days. Pub. L. No. 115-391, 132 Stat. 5194, § 603(b). Here, there is no dispute that Defendant has exhausted administrative remedies in this case.[1]

Aside from allowing defendants to bring their motions directly, the First Step Act did not change the standards for compassionate release. Relief is available where the proposed sentence reduction is supported by: (1) "extraordinary and compelling reasons;" (2) "applicable policy statements issued by the Sentencing Commission[;]" and (3) "the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i). As to the first requirement, Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including ... a list of specific examples." 28 U.S.C. § 994(t). The Application Notes to U.S.S.G. § 1B1.13 identify "extraordinary and compelling reasons" to include the following: (A) the medical condition of the defendant; (B) the defendant's age (at least sixty-five years old); (C) family circumstances such as the death or incapacitation of the

---

[1] On June 1, 2020, Defendant submitted to the warden a request for home confinement, which was denied on July 6, 2020.

caregiver of the defendant's minor children; or (D) other reasons as determined by the Director of the BOP other than, or in combination with, the reasons described in subdivisions (A) through (C). U.S.S.G. § 1B1.13, Application Note 1.[2]

The next requirement – that the reduction is consistent with Sentencing Commission policy – focuses on community safety. The Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. Id. (incorporating the 18 U.S.C. § 3142(g) factors).

The last requirement for compassionate release focuses on the § 3553(a) factors. Those factors include, among other things, "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c) bears the burden of establishing that such relief is warranted. See, e.g., United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016). "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C § 994(t). Moreover, "a compassionate release ... is an extraordinary and rare event." White, 378 F. Supp.3d at 787.

---

[2] Although the policy language only allows the Director of the BOP to identify other grounds that amount to "extraordinary and compelling reasons," the Court agrees with numerous district courts, including in this Circuit, that have interpreted this provision to allow courts, in addition to the Director, the discretion to consider other relevant factors. See United States v. Walker, No. 11-cr-381 (SRN/HB) (D. Minn. June 26, 2020); United States v. Kienstra, No. 4:14-cr-250 CDP (E.D. Mo. May 5, 2020).

### III. Discussion

#### A. Extraordinary and compelling reasons

As explained above, the Sentencing Commission's guidance provides that an inmate's medical condition alone can sometimes be sufficiently extraordinary and compelling under § 3582(c)(1)(A). Alternatively, an inmate's serious medical condition "in combination with" additional factors may also justify compassionate release.

Here, Defendant argues that he tested positive for COVID-19 in April 2020, which puts him at heightened risk for illness or death. Without question, it is regrettable that Defendant contracted COVID-19 while incarcerated. However, Defendant was asymptomatic, placed in isolation, and released after fourteen days. He does not report any symptoms or medical complications related to COVID-19 and by all accounts appears to have recovered. (Doc. No. 187-2).

Defendant also reports a history of prostate cancer and spinal tumors, which makes him more vulnerable to complications from COVID-19. The Government acknowledges that individuals with cancer are more likely to become severely ill if they contract the virus, see Centers for Disease Control, Groups at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html, but notes the lack of supporting documentation in Defendant's medical records confirming a cancer diagnosis. Medical records from the Bureau of Prisons indicate that Defendant was referred to a urology clinic in January 2020 following an elevated PSA level, but there is no additional documentation regarding this level and what it means in terms of a diagnosis. (Doc. No. 187-3). Additionally, according to Defendant's Presentence Investigation Report, a diagnosis

for prostate cancer was unable to be confirmed. (Doc. No. 144 at ¶ 59). In any event, Defendant is not currently experiencing any serious medical concerns with his prostate.

Although the Court does not intend to minimize the risk of COVID-19 in the federal prison system, the Court agrees with the findings of several courts that "mere speculation of the possibility of contracting the virus" is insufficient to justify release under § 3582(c)(1)(A). See, e.g., United States v. Fry, No. 11-CR-141 (PAM/KMM), 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020) (citing United States v. Hamilton, No. 19-CR-54, 2020 WL 1323036, at *2 (E.D. N.Y. Mar. 20, 2020)). Rather, district courts require, in the context of the general danger presented by COVID-19, that an inmate demonstrate both "a particularized susceptibility to the disease" and "a particularized risk of contracting the disease at this prison facility." United States v. Feiling, 3:19CR112 (DJN), 2020 WL 1821457, at *7 (E.D. VA. Apr. 10, 2020) (collecting cases).

Against these standards, the Court finds Defendant does not present extraordinary and compelling reasons warranting release. First, he has not demonstrated that he currently suffers from a serious medical condition that increases his susceptibility to the virus or that "substantially diminishes [his] ability … to provide self-care within the environment of a correctional facility and from which he … is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). Second, Defendant is under the age of 65 and has not served at least 75 percent of his term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1(B).

Further, Defendant has not shown that the safeguards in place at FCI Forrest City Low to control the spread of COVID-19 is inadequate or that the facility is specifically unable to adequately treat him should he contract the virus. Indeed, when Defendant contracted COVID-19, he was treated immediately, and tested almost daily. The facility has shown it is equipped to

handle COVID-19 and is quickly responding to it. Defendant asserts that numerous inmates have tested positive for COVID-19 at FCI Forrest City Low. Courts have consistently found, however, that "[t]he mere presence of the virus … does not automatically translate to the release of [a defendant]." See United States v. Veras, No. 3:19-CR-010, 2020 WL 1675975, at *5 (M.D. Pa. Apr. 6, 2020) (collecting cases). The Court recognizes that Defendant, like all prisoners, is at risk of contracting COVID-19 while in prison; however, he has not shown any extraordinary and compelling reasons that would justify early release.

### B. General § 3553 sentencing factors and danger to the community

As explained above, under § 3582(c)(1)(A), the Court must give due "consider[ation to] the factors set forth in in section 3553(a) to the extent they are applicable." In fashioning the appropriate sentence, the Court weighed these factors when it sentenced Defendant, including that Defendant's offense involved the transportation, receipt, and possession of child pornography. The Court also considered the weight of the evidence, consisting of 3,269 videos and 1,879 images of child pornography on Defendant's hard drive and another 40 videos of child pornography on a thumb drive, which he shared with other offenders. Defendant's involvement with child pornography dates to 2000. All of these factors – which are not affected by COVID-19 – preclude a finding that Defendant is not a danger to the community, and particularly to children.

Considering the nature and circumstances of the offense and the history and characteristics of Defendant, the Court continues to find that a sentence of 156 months is just and fair under the totality of the circumstances. Even if Defendant was eligible for a sentence reduction, the Court would decline to exercise its discretion to reduce his sentence for the reasons set forth above. See United States v. Birdine, 962 F.3d 1032, 1034 (8th Cir. 2020).

### C. Home confinement

Alternatively, Defendant requests the Court modify his sentence to be served on home confinement. The BOP has exclusive authority to determine the placement of prisoners. See 18 U.S.C. §§ 3621(b), 3624(c)(2). The First Step Act (FSA), CARES Act, and Second Chance Act merely give eligible inmates the possibility to be considered for home confinement or halfway house placement. United States v. James, No. 15-CR-255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020). "Nothing in the statutes amended by the FSA permits the Court to place Defendant in home confinement. Under the FSA, the authority to place a prisoner remains with the BOP." United States v. Kluge, No. 17-cr-61 (DWF), 2020 WL 209287 at *3 (D. Minn. Jan 14, 2020); see also United States v. Clausen, No. 16-256 (MJD/LIB), 2020 WL 1442852 (D. Minn. Mar. 24, 2020). The Court therefore lacks authority to order home confinement under these provisions. See United States v. Engleson, No. 13-CR-340-3(RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while court can recommend, ultimate decision whether to release inmate to home confinement rests with BOP).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Craig Kenall Giboney's pro se motion for compassionate release [176], as supplemented by counsel [187], is **DENIED**.

Dated this 5th day of February, 2021.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**